IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMANDA U. AJULUCHUKU,

        Plaintiff,                    Case No. 2:12-cv-1855 GEB DAD PS

       v.

MACY'S,                                FINDINGS AND RECOMMENDATIONS

        Defendant.

_____/

        Plaintiff Amanda Ajuluchuku is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)). See also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is

1

bound to deny a motion seeking leave to proceed in forma pauperis."). Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Here, plaintiff's amended complaint does not contain a short and plain statement of plaintiff's claim showing that she is entitled to relief. In this regard, the amended complaint

merely alleges in conclusory fashion that plaintiff has been discriminated against based upon her race, skin color and disability. (Am. Compl. (Doc. No. 4) at 2.)

Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a) (1). Though the amended complaint identifies plaintiff's race, skin color and disability, it does not allege any facts explaining how defendant discriminated against plaintiff based thereon.

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

Moreover, the amended complaint does not allege that defendant Macy's employed plaintiff and, in fact, from its allegations it would appear that defendant did not do so. Title VII protects only employment relationships: "The operative term for purposes here is 'employment.' That is, the clause presumes the existence of an employer-employee relationship . . . in contrast to, for example, an independent contracting relationship." Bender v. Suburban Hosp., Inc., 159 F.3d 186, 189 (4th Cir. 1998). There must be some interference with an employment relationship, as opposed to an independent contractual relationship, for Title VII protections to apply. Mitchell v. Frank R. Howard Mem. Hosp., 853 F.2d 762, 767 (9th Cir. 1988). Here, plaintiff's amended complaint alleges simply that defendant's salespeople refused

to give plaintiff a gift set she believed she was entitled to after she purchased more than $24 worth of Elizabeth Arden's Red Door perfume.  (Am. Compl. (Doc. No. 4) at 2.)

Finally, to the extent plaintiff purports to state a claim under the Americans with Disabilities Act ("ADA") plaintiff in her amended complaint fails to allege that she is disabled as defined by the ADA.  The ADA defines a disability as (1) a physical or mental impairment that substantially limits one or more major life activities; (2) a record of such an impairment; or (3) being regarded as having such an impairment.  42 U.S.C. § 12102(1).  Plaintiff's amended complaint does not allege facts establishing any of those elements.  Nor does the amended complaint allege what provision of the ADA plaintiff purports to sue under or any valid basis for an ADA claim since plaintiff does not allege any connection between her purported disability (recurring deafness and dizziness) and the conduct that she alleges occurred at defendant's store.

Thus, plaintiff's amended complaint fails to state a claim on which relief may be granted.  The court has carefully considered whether plaintiff may amend her complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).  In light of the obvious deficiencies noted above, the court finds that it would be futile to grant plaintiff leave to amend.[1]

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's July 13, 2012 application to proceed in forma pauperis (Doc. No. 2) be denied;

---

[1] "Moreover, the court notes that this complaint appears to be one of several hundred frivolous complaints that plaintiff has filed all over the country." Ajuluchuku v. Apple, Inc., No. 2:12-cv-2494-GEB-EFB-PS, 2012 WL 5035944, at *3-4  (E.D. Cal. Oct. 17, 2012).

4

      2. Plaintiff's September 24, 2012 amended complaint (Doc. No. 4) be dismissed without leave to amend; and

      3. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 6, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\ajuluchuku1855.ifp.den.f&rs